**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 97-10229
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

BILLY JACK HAGGARD,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:92-CR-92-R & 3:96-CV-958-R)

March 10, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Billy Jack Haggard ("Haggard"), federal prisoner number 22880-007, appeals the denial of his 28 U.S.C. § 2255 motion to vacate. We affirm.

FACTS AND PREVIOUS PROCEEDINGS

After a 1992 trial, a federal jury convicted Haggard of conspiracy to possess with intent to distribute amphetamine,

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession of a controlled substance with intent to distribute and using and carrying a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Haggard to concurrent 262-month prison terms on the drug-trafficking counts and a consecutive 60-month term as to the firearm count, and five years of supervised release.

On direct appeal, this court found that the trial evidence showed the following. On November 1, 1991, the Dallas police department received information that amphetamine was being sold out of room 131 of the Traveler's Inn in Mesquite, Texas. State and federal law enforcement officers maintained surveillance of the room from 9:30 a.m. to 2:30 p.m. During the surveillance, Haggard exited the room and retrieved a container from the trunk of a Cadillac parked outside. Officers executed a search warrant at approximately 2:30 p.m. When the officers entered the room, co-offender Margie Wright was standing directly in front of the door. Codefendant Michael Wayne McCoy was seated on one of the two beds in the room; Haggard was seated on the other bed. Wright immediately pulled a pouch out of her blouse and threw it across the room. The pouch contained approximately $625. Officer Jones then secured her to keep her from drawing a weapon. Another officer secured McCoy, searched him and found three bags containing a liquid residue, numerous clear plastic bags and $936 in cash. Other officers secured and searched Haggard and found a silver tube containing two bags of methamphetamine and $500 in cash. On the bed where McCoy was seated, a pistol was found sticking out from

2

underneath the pillow.  When McCoy stood up, then fell back on the bed, one of the officers saw the butt of the pistol slide out from underneath the pillow and McCoy's hand almost touched the gun.  One of the officers thought McCoy was reaching for the gun and therefore grabbed his hand.

On direct appeal, Haggard argued that the evidence was insufficient to support his firearm conviction, asserting that the district court erred in instructing the jury regarding coconspirator liability under *Pinkerton v. United States*. 328 U.S. 640 (1946).  This court affirmed Haggard's convictions and sentences in an unpublished opinion.  *United States v. Haggard*, 5 F.3d 1494 (5th Cir. 1993)(Table, No. 92-1856).

On April 4, 1996, Haggard filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255.  Citing *Bailey v. United States*, 516 U.S. 137 (1995), he contended, *inter alia,* that the trial evidence was insufficient to support his firearm conviction. The district court denied the motion and Haggard appealed.  For the first time on appeal, Haggard argues that he was prejudiced by the trial court's jury instruction on the firearm offense.

DISCUSSION

Haggard contends that the trial evidence was insufficient to support a finding that either he or codefendant McCoy "used" or "carried" a firearm during a drug-trafficking offense.  He maintains that neither he nor McCoy "actively employed" the gun, as required for a conviction under the "use" prong of § 924(c) by *Bailey v. United States*, 516 U.S. 137 (1995).  Assuming that the

3

evidence at Haggard's trial was insufficient to sustain a use conviction, we nonetheless must affirm under the "carry" prong of § 924(c). The evidence is clearly sufficient to support a jury finding that Haggard or his co-defendant carried the gun into the hotel room in relation to the drug trafficking crime. *See United States v. Sanders*, 157 F.3d 302, 305 (5th Cir. 1998)(Congress used the word carry in its primary sense, to move while supporting, as in one's hands or arms.)

Further, the jury instruction, though flawed in its definition of the "use" prong of § 924(c), does not merit reversal of Haggard's conviction. We conclude, based on the jury instruction that encompassed the carry prong of § 924(c) and the circumstances of this case, that the jury necessarily found beyond a reasonable doubt the facts to support a conviction for carrying the firearm. *See United States v. Brown*, 161 F.3d 256, 259 (5th Cir. 1998). The error in the jury instruction was therefore harmless. *See id.*

Haggard next contends that the trial court erred in instructing the jury that it could apply the conspiracy rule from *Pinkerton v. United States*, 328 U.S. 640 (1946), when determining whether to hold him responsible for the gun. Haggard raised this identical issue on direct appeal and we affirmed. Because issues raised and disposed of in a previous appeal are not considered in § 2255 motions, *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), we will not revisit this issue.

Finally, Haggard contends that his indictment charged him with two separate offenses in a single count: using and carrying a

4

firearm. This duplicity claim is patently frivolous. A "disjunctive statute may be pleaded conjunctively and proved disjunctively." *United States v. Dickey*, 102 F.3d 157, 164 n.8 (5th Cir. 1996).

For the foregoing reasons, we affirm the district court's denial of Haggard's § 2255 motion.

AFFIRMED.